IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MONET WILLIAMS, TEQUEIRA ) <br> JOHNSON, and NAKIA COLLINS, ) <br> ) <br>     **Plaintiffs,** ) <br> ) <br> vs. ) <br> ) <br> WALTER WENDLER, individually and in ) <br> his official capacity as Chancellor, Southern ) <br> Illinois University at Carbondale, TERRY ) <br> HUFFMAN, individually and in his official ) <br> capacity as Coordinator for Student Judicial ) <br> Affairs, Southern Illinois University at ) <br> Carbondale, KHAMISI GRACE, individually) <br> and in her official capacity as a Hearing ) <br> Officer for Student Judicial Affairs, Southern) <br> Illinois University at Carbondale, NANCY ) <br> HUNTER PEI, individually and in her official) <br> capacity as assistant to the Vice Chancellor ) <br> for Student Affairs, Southern Illinois ) <br> University at Carbondale, CHUCK ) <br> LEONARD, individually and in his official ) <br> capacity as a police officer, Southern ) <br> Illinois University police, and SOUTHERN ) <br> ILLINOIS UNIVERSITY, through its ) <br> Board of Trustees, ) <br> ) <br>     **Defendants.** ) | Case No. 05-4157-JLF |

**MEMORANDUM AND ORDER**

**FOREMAN, District Judge:**

Before the Court is defendants' motion to dismiss Counts I-IV and Count VI of plaintiffs' third amended complaint (Doc. 67). Plaintiffs have filed a response (Doc. 70).

**I.    Background.**

The following allegations are from plaintiffs' complaint. Plaintiffs Monet Williams, Tequeira Johnson, and Nakia Collins were students at Southern Illinois University at

Carbondale, ("University"), and were members of the Zeta sorority. At some point in early 2005, the University's Office of Student Affairs charged plaintiffs with participating in hazing activities. Plaintiffs were subsequently found guilty of hazing, and plaintiffs were suspended from school for three years.

Plaintiffs appealed the disciplinary decision to the Vice Chancellor for Student Affairs, Nancy Hunter Pei. On appeal, Ms. Pei upheld each of the plaintiffs' suspensions. Plaintiffs then appealed the decision to SIU Chancellor Walter Wendler. Chancellor Wendler upheld the suspensions but reduced plaintiff Williams' suspension to two years.

Plaintiffs have filed a third amended complaint suing defendants under 42 U.S.C. § 1983 for alleged constitutional violations of: equal protection, (Count I), procedural due process, (Count II), substantive due process, (Count III), the First Amendment, (Count IV), for race discrimination under Title VI, 42 U.S.C. § 2000d, (Count V), and for alleged violations of 42 U.S.C. § 1981 (Count VI). Defendants have moved to dismiss Counts I, II, III, IV and VI. This motion is discussed below.

**II.**     **Motion to Dismiss Standard.**

A motion to dismiss tests the sufficiency of the complaint, not the merits of the suit. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir.1990). When considering a motion to dismiss, the court views all facts alleged in the complaint, as well as any inferences reasonably drawn therefrom, in the light most favorable to the plaintiff. *Doherty v. City of Chicago*, 75 F.3d 318, 322 (7th Cir.1996). This Court will grant a motion to dismiss only if

it appears beyond doubt that plaintiffs can prove no set of facts entitling them to relief. *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 432 (7th Cir.1993).

**III.    Discussion.**

    **A.    Preemption.**

Defendants have moved to dismiss Counts I through IV and Count VI on the ground that these claims are preempted by Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d. Specifically, defendants argue that the United States Court of Appeals for the Seventh Circuit has noted that Title VI preempts § 1983 actions, and that "private actions based on Title VI may not be brought under § 1983." *Boulahanis v. Board of Regents,* 198 F.3d 633, 641 (7th Cir. 1999) (*citing Alexander v. Chicago Park District*, 773 F.2d 850, 856 (7th Cir.1985)).

To assert claims of racial discrimination against the University, plaintiffs must proceed under Title VI of 42 U.S.C. § 2000d, (which plaintiffs have done in Count V). Specifically, Title VI prohibits: "discrimination under any program or activity receiving Federal financial assistance" based on "race, color, or national origin." *Civil Rights Act of 1964, § 601 of Title VI, 42 U.S.C. § 2000d.*

Defendants are correct that the United States Court of Appeals for the Seventh Circuit has noted that Title VI preempts § 1983 claims that are based on the same allegations of race discrimination. *Boulahanis,* 198 F.3d at 641 (*citing Alexander,* 773 F.2d at 856) ("[W]e hold that private actions based on Title VI may not be brought under § 1983.").

3

Although the logic of *Boulahanis* applies to plaintiffs' Count VI which is based upon § 1981, it does not apply to operate to dismiss Counts I through IV.

As noted by plaintiffs, Counts I through IV each set forth an independent constitutional basis for the claims. Specifically, Counts I through IV allege constitutional violations of: equal protection, (Count I), procedural due process, (Count II), substantive due process, (Count III), and freedom of assembly under the First Amendment (Count IV). Where there is a separate constitutional right that serves as a basis for the § 1983 claim, there is no preemption of the § 1983 claim. *Alexander,* 773 F.2d at 856 (no dismissal of Counts II and IV based on alleged violations of equal protection clause); and *McLaughlin v. Rose Tree Media School Dist.,* 1 F.Supp.2d 476, 479 (E.D.Pa.1998) (*citing Bougher v. University of Pittsburgh*, 713 F.Supp. 139, 145-46 (W.D.Pa.1989) (§ 1983 action not subsumed under Title IX if there is a separate constitutional or statutory basis).

Here, plaintiffs are attempting to vindicate their constitutional rights to equal protection, procedural due process, substantive due process, and the right to freedom of assembly in their § 1983 claims. Thus, plaintiffs' § 1983 claims are not subsumed under Title VI. *Great American Federal Sav. & Loan Ass'n v. Novotny,* 442 U.S. 366, 375-376 (1979) (finding that § 1985 claim is subsumed under Title VII claim where the § 1985 claim is only asserting a violation of a right created by Title VII, not a separate right). Plaintiffs' Count VI, however, is based upon § 1981, and is therefore preempted by Title VI. *Boulahanis,* 198 F.3d at 641 (*citing Alexander,* 773 F.2d at 856). For the above reasons, defendants' motion to dismiss based on preemption is denied with respect to Counts I

through IV, and is granted with respect to Count VI. Accordingly, Count VI is dismissed with prejudice.

### B. Sovereign Immunity.

Defendants have moved to dismiss Counts I through IV against the University and the individual defendants in their official capacities based on sovereign immunity. Specifically, defendants argue that the University and the individual defendants in their official capacities are arms of the State of Illinois, and under the Eleventh Amendment, they cannot be sued by citizens of their own State.

Plaintiffs argue that sovereign immunity does not apply in this case because Counts I through IV and Count VI do *not* assert claims against the University or against any of the individuals in their official capacities. Upon review of the third amended complaint, Counts I through IV name as defendants: Walter Wendler, Terry Huffman, Khamisi Grace, Nancy Hunter Pei, and Chuck Leonard. These counts do not, however, state whether they are brought against these defendants in their individual capacities, official capacities, or both. Count V is against the University. Count VI names the "defendants" in general. (Doc. 64, p.18, ¶ 99).[1]

The caption of plaintiffs' third amended complaint lists each of the individual defendants as being sued "individually and in [their] official" capacities. Plaintiffs now explain, however, that Counts I through IV do not assert any claims against the individual

---

[1]*See Torrespico v. Columbia College,* 1998 WL 703450 at *16 (N.D.Ill. Sept. 30, 1998) (*citing Smith v. Metropolitan School Dist.*, 128 F.3d 1014, 1019 (7th Cir.1997)) regarding no individual liability under Title VI.

defendants in their official capacities. To the extent that Counts I through IV could be construed to include claims against the individuals in their official capacities, or against the University, for the reasons stated in defendants' memorandum, defendants' motion to dismiss these claims based on sovereign immunity is granted. Accordingly, plaintiffs' claims against the University and the individual defendants in their official capacities in Counts I through IV are dismissed.

### C.     Qualified Immunity.

The individual defendants have moved to dismiss the individual capacity claims against them in Counts I through IV on the ground that they are entitled to qualified immunity. "Qualified immunity" protects government officials from "liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Tun v. Whitticker and Plazt*, 398 F.3d 899, 901 (7th Cir. 2005) (*citations omitted*). The United States Court of Appeals for the Seventh Circuit has stated that "[t]he issue of qualified immunity is to be resolved at the earliest stages of litigation." *Kiddy-Brown v. Blagojevich*, 408 F.3d 346, 352 (7th Cir. 2005) (*citations omitted*) (addressing qualified immunity at the motion to dismiss stage).

In *Saucier v. Katz*, 533 U.S. 194 (2001), the United States Supreme Court set forth a sequential test for claims of qualified immunity. First, this Court must decide a threshold question, namely, whether "[t]aken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?" *Id.* at

201. If the answer is no, then there is no need to explore immunity any further. If it is yes, this Court must then decide "whether the right was clearly established." *Id.* The latter inquiry, *Saucier* emphasized, "must be undertaken in light of the specific context of the case, not as a broad general proposition." *Id.*

Once defendants raise qualified immunity as a defense, plaintiffs bear the burden of proving that the law was so clearly established that defendants would have known that their actions were illegal or unconstitutional. *Erwin v. Daley*, 92 F.3d 521, 525 (7th Cir.1996) (*citations omitted*). The test for whether the law was clearly established must be conducted based on the specific facts of the case, and not at a high level of generality. *See Greenberg v. Kmetko*, 922 F.2d 382, 383-84 (7th Cir.1991). "To prove the presence of a clearly established constitutional right, the plaintiff must point to closely analogous cases decided prior to the defendants' challenged actions." *Kiddy-Brown,* 408 F.3d at 353 (*quoting Upton v. Thompson*, 930 F.2d 1209, 1212 (7th Cir.1991)). "The law of qualified immunity does not require a plaintiff to produce a case that is 'directly on point' in order to show that a right is clearly established." *Kiddy-Brown,* 408 F.3d at 356 (*quoting Nabozny v. Podlesny*, 92 F.3d 446, 456 (7th Cir.1996)). Rather, "[t]he question is whether a reasonable state actor would have known that his actions, viewed in the light of the law at the time, were unlawful." *Kiddy-Brown,* 408 F.3d at 356 (*citation omitted*). Plaintiffs must show that the applicable constitutional standards were clearly established at the time in question. *Kiddy-Brown,* 408 F.3d at 356 (*citing Lunini v. Grayeb*, 395 F.3d 761, 769 (7th Cir.2005)).

Here, plaintiffs' Counts I through IV make general allegations that defendants violated various of their Constitutional rights. Neither the complaint nor plaintiffs' responsive pleading identifies the specific conduct by each defendant that plaintiffs allege was unconstitutional. As framed by the United States Supreme Court, the inquiry is as follows:

> It should not be surprising, therefore, that our cases establish that the right the official is alleged to have violated must have been "clearly established" in a more particularized, and hence more relevant, sense: The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful, see Mitchell, supra, 472 U.S., at 535, n. 12, 105 S.Ct., at 2820, n. 12; but it is to say that in the light of pre-existing law the unlawfulness must be apparent.

*Anderson v. Creighton*, 483 U.S. 635, 639-40 (1987) (*other citations omitted*).

Plaintiffs have failed to identify any closely analogous cases suggesting that the applicable constitutional standards, in the context of this specific case, were clearly established at the time in question. *See e.g., Walsh v. Heilman*, 2006 WL 1049598 at * 7 n.5 (N.D.Ill. Apr. 19, 2006) (plaintiff's statement that he had a general Constitutional right is too broad and conclusory). As such, plaintiffs have failed to meet their burden, and defendants' motion to dismiss Counts I through IV based on qualified immunity is granted. The individual capacity claims in Counts I through IV against the individual defendants are dismissed.

### IV. **Summary.**

For the foregoing reasons, defendants' motion to dismiss (Doc. 67) is **GRANTED.** Counts I,II,III, and IV against the University, and against the individual defendants in their official capacities are dismissed based on sovereign immunity. Counts I, II, III, and IV against the individual defendants in their individual capacities are dismissed based on qualified immunity. Count VI is dismissed with prejudice as preempted by Title VI.

In summary, Counts I, I, III, IV and VI are **DISMISSED.** Defendants Walter Wendler, Terry Huffman, Khamisi Grace, Nancy Hunter Pei, and Chuck Leonard are **DISMISSED** from this action. Per review of the docket sheet, the remaining pending motions (Doc. 65,71,77) are **MOOT**. The Clerk of the Court shall enter Judgment accordingly at the close of this case. Count V against the University remains pending.

**IT IS SO ORDERED.**

**DATED:** October 18, 2006.

*s/ James L. Foreman*
**DISTRICT JUDGE**