IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MONET WILLIAMS, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | |
| ) | Case No. 05-4157-JPG |
| WALTER WENDLER, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Before the Court is plaintiffs' motion for reconsideration, (Doc. 82), of the Order dated October 18, 2006. (Doc. 78). Defendants have filed responses, (Docs. 83, 91), and plaintiffs have filed a reply (Doc. 84).

Plaintiffs request that this Court reconsider the dismissal of the following Counts:

      Count I    Denial of Equal Protection
      Count II   Denial of Procedural Due Process
      Count III  Denial of Substantive Due Process
      Count IV  Violation of the First Amendment Right of Free Assembly

In Count I, plaintiffs allege a violation of their Equal Protection rights based on race, and defendants claim they are entitled to qualified immunity. As the previous Order noted, "To prove the presence of a clearly established constitutional right, the plaintiff must point to closely analogous cases decided prior to the defendants' challenged actions." *(Doc. 78, p. 7) (quoting Kiddy-Brown v. Blagojevich,* 408 F.3d 350, 346 (7th Cir. 2005) (*quoting Upton v. Thompson*, 930 F.2d 1209, 1212 (7th Cir.1991))). However, to show that a right is 'clearly established,' plaintiffs are not required to produce a case that is 'directly on point.' *Kiddy-Brown,* 408 F.3d at 356 (*quoting Nabozny v. Podlesny*, 92 F.3d 446, 456 (7th Cir.1996)). "The question is whether a reasonable state actor would have known that his actions, viewed in the light of the law at the time, were unlawful."

*Kiddy-Brown,* 408 F.3d at 356 (*citation omitted*). Upon reconsideration, at the time of the alleged events, the law was sufficiently clear that a reasonable official would have known that plaintiffs could not be discriminated against based on race by being disciplined differently from white students. It has been long been established that the Equal Protection Clause prohibits a state-sponsored school from invidiously discriminating among students based upon race. *McLaurin v. Oklahoma State Regents for Higher Ed.*, 339 U.S. 637, 642 (1950) (holding that a state-sponsored graduate school's disparate treatment of an African-American student based on race violated the Equal Protection Clause). Accordingly, plaintiffs' motion to reconsider dismissal of Count I is granted.

By way of clarification as to Count II, plaintiffs' procedural due process claims were dismissed because neither the United States Constitution nor the State of Illinois has identified a property right in post-secondary education. *Galdikas v. Fagan*, 342 F.3d 684, 692 (7th Cir. 2003), *abrogated on other grounds by Spiegla v. Hull*, 371 F.3d 928, 941-42 (7th Cir. 2004); *see also Doe v. Board of Trustees of University of Illinois*, 429 F.Supp.2d 930, 942 (N.D.Ill. 2006) (*citing Gladikas*, 342 F.3d at 688-91) (There is no fundamental right to, nor recognized property interest in, post-secondary education); and *Cady v. South Suburban College*, 310 F.Supp.2d 997, 1000 (N.D.Ill. 2004) (*citations omitted*) ("There is no general constitutional right to higher education. . . . A property interest may arise from rights created by state statutes or by contracts with public entities, but Illinois has not identified a property right in post-secondary education."); *but cf. Pugel v. Board of Trustees of the University of Illinois*, 378 F.3d 659, 662 n.2 (7th Cir. 2004) (*citations omitted*) (It is an "open question" as to whether a college or university student has a property interest in enrollment that is protected by the Due Process Clause. The Court *assumed* that a graduate student, who was also a public employee *via* her teaching assistantship, and who had been dismissed

2

on charges of "academic dishonesty" had a protectable interest in both her public employment as a teaching assistant, and in her good name and reputation, that was entitled to due process)). It is true that Illinois has recognized that payment of college tuition gives rise to an implied contract that the school will award a degree, *see e.g., Galdikas*, 342 F.3d at 692 (*citing Johnson v. Lincoln Christian College*, 501 N.E.2d 1380, 1384 (Ill. App. 4th Dist. 1986)). Here, however, the nature of plaintiffs' claims is not for breaches of contract, (i.e., the claims are not that they were denied a degree upon completion of the requirements), rather, plaintiffs' make entirely different claims that they were denied procedural due process during disciplinary hearings. Because there is no property right in post-secondary education, plaintiffs' procedural due process claims must fail. Count II remains dismissed.

Similarly, plaintiffs' Count III substantive due process claims were dismissed because no court has recognized a substantive property or liberty interest in a college education. *See Bell v. Ohio State University*, 351 F.3d 240, 251 n.2 (6th Cir. 2003). Although several courts have assumed *arguendo* that there is a constitutionally protected interest in higher education, no court has actually so held, and indeed, such courts have noted that concerns of federalism, judicial capacity, and academic freedom counsel against the recognition of such an interest. *See Galdikas,* 342 F.3d at 688-689; *see also Bell*, 351 F.3d at 251 n.2 (*citing Regents of University of Michigan v. Ewing*, 474 U.S. 214, 226 (1985) (expressing "a reluctance to trench on the prerogatives of state and local educational institutions and our responsibility to safeguard their academic freedom"); and *Board of Curators of the Univ. of Missouri v. Horowitz*, 435 U.S. 78, 91-92 (1978) (noting that courts "are particularly ill-equipped to evaluate academic performance")). Assuming *arguendo* that there is a substantive due process right to higher education, plaintiffs must show that defendants' conduct was "arbitrary and capricious" and "shocks the conscience." *Galdikas*, 342 F.3d at 689 (*citations omitted*). Here,

3

plaintiffs allege two and three-year suspensions from school after being convicted of sorority hazing. In accord with relevant case law, however, plaintiffs' allegations simply do not rise to the level of arbitrary and capricious behavior that 'shocks the conscience' and that is required to support a substantive due process claim.  *See e.g., Marsh v. Delaware State University*, No. 05-00087, 2006 WL 141680 at *4 (D. Del. 2006) (Courts considering suspension and expulsion for disciplinary violations have declined to find that such suspensions or expulsions rise to the level of conscious-shocking behavior) (*citing Flaim v. Medical College of Ohio*, 418 F.3d 629, 643 (6th Cir. 2005) (medical school student's expulsion for conviction of felony drug crime did not shock the conscience); and *Gomez v. University of Maine System*, 304 F.Supp.2d 117, 125 (D. Me. 2004) (student's suspension for alleged sexual assault did not violate substantive due process, and to shock the conscience, extreme or intrusive physical conduct by the state is required).  Accordingly, Count III remains dismissed.

Plaintiffs' First Amendment right of free assembly claims in Count IV were also dismissed. As noted in *Pi Lambda Phi Fraternity, Inc. v. University of Pittsburgh,* 58 F.Supp.2d 619 (W.D.Pa. 1999), "There are two types of association protected by the Constitution: (1) intimate association, based on intimate human relationships; and (2) associations formed "for the purpose of engaging in those activities protected by the First Amendment-speech, assembly, petition for the redress of grievances, and the exercise of religion." *Pi Lambda Phi*, 58 F.Supp.2d at 623 (*citing Roberts v. United States Jaycees*, 468 U.S. 609, 617-18 (1984)).  Here, as noted in *Roberts* and *Pi Lambda Phi*, plaintiffs are not engaged in the sort of intimate relationships that are typically accorded First Amendment protection. *Pi Lambda Phi*, 58 F.Supp.2d at 623 ("The personal relationships protected by the right to intimate association are 'those that attend the creation and sustenance of a family-marriage, . . . the raising and education of children, . . . and cohabitation with one's

relatives.'") (*citing Roberts*, 468 U.S. at 619-20)).  As noted, the second type of protected association is expressive association, which is for the purpose of engaging in activities protected by the First Amendment - "speech, assembly, petition for the redress of grievances, and the exercise of religion."  *Roberts*, 468 U.S. at 619.  As noted in *Pi Lambda Phi,* however, the function of a college fraternity or sorority is primarily social.  This Court agrees.  *See Pi Lambda Phi*, 58 F.Supp.2d at 624 (*citing Cornelius v. Benevolent Protective Order of the Elks*, 382 F.Supp. 1182, 1195 (D.Conn. 1974) ("the associational activities of the Elks and Moose are purely social and not political and therefore do not come within the core protection of the right to associate."); *Sigma Chi Fraternity v. Regents of the Univ. of Colo.*, 258 F.Supp. 515, 526 (D.Colo. 1966) (noting the lack of analogous Supreme Court precedent to "uphold the right of association as applied to a social fraternity."); *Phinney v. Dougherty*, 307 F.2d 357, 361 (5th Cir.1962) (for purposes of the internal revenue code, "college fraternities are primarily social clubs.")).  Even if plaintiffs' right to associate with Zeta sorority members were protected by the First Amendment, colleges and universities are entitled to regulate student groups with respect to the time, place, and manner in which the students conduct speech-related activities, and may even withdraw recognition of student groups who violate the institution's rules.  *Healy v. James*, 408 U.S. 169, 192-93 n.24 (1972).  For these reasons, Count IV remains dismissed.

For the above reasons, plaintiffs' motion to reconsider, (Doc. 82), is **GRANTED IN PART and DENIED IN PART.**  Count I is **REINSTATED** against defendants Walter Wendler, Terry Huffman, Khamisi Grace, Nancy Hunter Pei, and Chuck Leonard.  Plaintiffs' request for leave to amend the complaint is denied.  Plaintiffs' request for interlocutory appeal under 28 U.S.C. §1292(b) is denied.  At this point in the litigation, Counts I and V remain pending.

**IT IS SO ORDERED.**             *s/ J. Phil Gilbert*
**DATED: February 1, 2007.**       **DISTRICT JUDGE**