IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MONET WILLIAMS,** ) | |
| **TEQUEIRA JOHNSON,** ) | |
| **and NAKIA COLLINS,** ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Civil No. **05-4157-JPG** |
| v. ) | |
| ) | |
| **WALTER WENDLER,  et al.,** ) | |
| ) | |
| Defendants. ) | |

## ORDER

**PROUD, Magistrate Judge:**

Before the court are Defendants' Motion to Strike Plaintiffs' Amended Requests to Produce Documents and First Interrogatories Served on Defendants on April 24, 2007, and Defendants' Motion to Strike Plaintiffs' Requests to Admit Served on Defendants on April 24, 2007, and April 25, 2007. **(Docs. 98 & 100)**.  Plaintiffs filed a response at **Doc. 102.**[1]

Defendants move to strike plaintiffs' discovery requests and requests for admissions because they were served less than thirty days before the deadline for completion of discovery. After several extensions, the discovery deadline was April 24, 2007.  **See, Doc. 96**.  Plaintiffs served amended document requests and first interrogatories on defendants' attorney on March 8, 2007.  Unfortunately, the discovery requests were directed to ""Defendant" and did not specify which defendant was to respond.  Perhaps equally unfortunately, defendants waited until April 2, 2007, to object on that basis.  Plaintiffs took no action with regard to the situation until they

---

[1] The response refers to an affidavit, but there is no affidavit attached thereto.

served requests to admit on April 24 and April 25, 2007.[2]

The court notes that, sometime in the month of April, 2007, the stepmother of plaintiffs' counsel passed away. Counsel does not argue that this excuses the late service of discovery requests, but offers it as a "mitigating factor."

Plaintiffs complain that defendants have not served their initial disclosures. If so, that is a glaring omission on their part. However, plaintiffs have not filed a motion to compel same, and the court therefore makes no order at this time regarding that issue.

This case was filed on August 26, 2005. No good reason has been demonstrated for the late filing of plaintiffs' discovery requests. The Federal Rules of Civil Procedure allow thirty days in which to respond to written discovery requests. There is no point in setting a discovery deadline if the parties can grant themselves an extension by serving discovery requests at the end of the discovery period.

Upon consideration and for good cause shown, Defendants' Motion to Strike Plaintiffs' Amended Requests to Produce Documents and First Interrogatories Served on Defendants on April 24, 2007, and Defendants' Motion to Strike Plaintiffs' Requests to Admit Served on Defendants on April 24, 2007, and April 25, 2007 **(Docs. 98 & 100)** are **GRANTED.**

**IT IS SO ORDERED.**

**DATED: May 9, 2007.**

**s/ Clifford J. Proud**
**CLIFFORD J. PROUD**
**U. S. MAGISTRATE JUDGE**

---

[2]Contrary to the requirements of SDIL-LR 26.1(b)(1), the requests for admissions were not filed with the court.